UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAUNONA HENDERSON | CIVIL ACTION |
| VERSUS | NO: 09-1320 |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, ENGLAND | SECTION: J |

## ORDER AND REASONS

Before the Court is Defendant Underwriters at Lloyd's London's **Motion to Dismiss (Rec. Doc. 15)** and Plaintiff's Response **Memorandum in Opposition to Defendant's Motion to Dismiss (Rec. Doc. 16)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, Raunona Henderson filed this suit on January 30, 2009, alleging that Defendant, Underwriters at Lloyd's London, was the insurer of her property located in the area affected by Hurricane Katrina. Plaintiff claims that she notified Defendant that her home was damaged by the hurricane and Defendant's adjusters significantly undervalued her property. She also alleges that during the claims process, Defendant violated its own rules for adjusting flood claims.

Additionally, Plaintiff alleges that Defendant violated the National Flood Insurance Act ("NFIA"), the flood insurance regulations, and federal common law by failing to: timely adjust her flood claims; honor her satisfactory proof of loss; properly

train its adjusters and agents; provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; take into account the economic climate after Hurricane Katrina; and account for the increase in labor, materials, costs, and time in valuing her claims.  Lastly, Plaintiff claims that Defendant violated the NFIA by failing to inform her of flood policy limitations and exclusions.

To these allegations, Defendant asserts that Plaintiff has no standing to bring these claims because, according to Defendant, Plaintiff does not have an insurance policy with Defendant.  Therefore, Defendant asserts that Plaintiff is not entitled to recover damages for loss under any policy issued by Defendant.

Defendant's assertions stem from the claim that the policy Plaintiff refers to is actually a lender-based policy, which insured Plaintiff's property, but was not intended to directly benefit Plaintiff.  Rather, according to Defendant, this policy was meant to protect the lender/mortgagee in the unfortunate event of damage to the property.

Accordingly, Defendant filed this Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), requesting judgment in its favor, and a dismissal with prejudice to Plaintiff.

**THE PARTIES' ARGUMENTS**

According to Defendant, Plaintiff is not a party to any insurance contract issued by Defendant. The only policies Defendant has issued in relation to Plaintiff's property are lender-based policies. These policies, according to Defendant, were issued to Plaintiff's lender, Novastar, because Plaintiff failed to provide Novastar with acceptable evidence of continuous coverage on the property.

Defendant asserts that Novastar's policy was not obtained for Plaintiff's benefit. Rather, according to Defendant, this coverage was obtained solely to protect Novastar's interest in the property. Therefore, Defendant claims there is no contract of insurance between Plaintiff and Defendant and Plaintiff consequently has no standing to bring this action.

Conversely, Plaintiff asserts that even though the policy in question is a lender-based policy, she is still an intended beneficiary. Plaintiff believes the intent to make her a beneficiary is evident in the provision of the policy calling for temporary housing expenses for the owner if the property is rendered unlivable by a covered peril. Plaintiff claims that a lender would not have any use for this provision and therefore, this provision was meant to benefit Plaintiff, the owner of the property.

**DISCUSSION**

**I. Standard of Review**

Motions to dismiss for lack of standing are properly brought under Fed. R. Civ. P. 12(b)(1). See Krim v. pcOrder.com, Inc., 402 F.3d 489, 493 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Id. at 494. The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6); that is, a court may not dismiss a claim unless it appears certain that the "plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." United States v. City of New Orleans, No. Civ. A. 02-3618, 2003 WL 22208578, at *1, (E.D. La. Sept. 19, 2003) (quoting Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1991)).

When ruling on a motion to dismiss for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Sedin, 422 U.S. 490, 501 (1975). However, the Court is not required to accept allegations unsupported by the facts, legal conclusions, and unwarranted deductions. See, e.g., Rios v. City of Del Rio, Texas, 444 F.3d 417, 421 (5th Cir. 2006). As discussed below, assuming Plaintiff's material allegations are true, this Court finds that

Plaintiff lacks standing to bring a cause of action as to certain claims in the complaint. Therefore, as to those claims which this Court believes that Plaintiff has not stated enough facts in the complaint to conclude that it is "plausible" that she is entitled to relief, Defendant's motion to dismiss will be granted pursuant to Rule 12(b)(1). See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007).

**II. Third Party Standing in Lender-Based Insurance Policies**

Individuals who own property insured by lender-based policies are considered third parties to those contracts and are not generally the intended beneficiaries of such contracts. See Graphia v. Balboa Insurance Company, et al., 517 F. Supp. 2d 854 (E.D. La. 2007); Harrison v. Safeco Ins. Co. of America, No. Civ. A. 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007). To establish a contract for the benefit of a third party (a stipulation pour autrui), there must be a clear expression of intent to benefit the third party. Harrison, 2007 WL 1244268 at *5.

The "proper means to include a stipulation pour autrui in an insurance contract is to name the third party as an additional insured." Id. However, a stipulation pour autrui can exist in an insurance contract if there is a provision in the policy that specifically provides a clear benefit to the third party. Graphia, 517 F. Supp. 2d at 858. If the benefit is limited to a

specific provision, the party seeking relief under the contract has limited standing under the contract to enforce that provision. Id.

Defendant's insurance contract with Novastar includes one provision that provides a direct benefit to Plaintiff. **(Rec. Doc. 15-6, p.11, ¶ D).** The Temporary Housing Expense provision provides a benefit that would pay Plaintiff temporarily for housing expenses incurred while the property is incapable of being occupied.[1] This provision clearly was intended for

---

[1]The Temporary Housing Expense provision states:

> If insured property is a dwelling and a flood loss covered by this policy makes it unsafe or in poor condition to live in, or if a civil authority will not let **owner** go to and use the dwelling as a result of flooding to neighboring locations, we cover the reasonable amount **owner** paid in renting a temporary dwelling that is equivalent to **owner's** damaged dwelling so that **owner's** household can maintain its normal standard of living. We will not apply the deductible to this coverage. This coverage is subject to the following conditions, limitations and exclusions:
> 1. We will only pay if dwelling is for a single family and it is **owner's** primary home.
> 2. We will pay **owner** for the shortest time required to repair or replace that damaged portion of dwelling that made it unsafe or in poor condition to live in. If **owner** permanently relocates to a new dwelling, we will pay for the shortest time required to permanently relocate **owner's** family to the new dwelling.
> 3. This coverage shall continue (even if the coverage that applies to the described location expires after the date of loss) until the repair and/or replacement of the damaged portion of the insured dwelling is completed, or after **owner** has permanently relocated.
> 4. Our limit of liability for this coverage is a maximum of $1,000 for each flood loss or occurrence. . .

**(Rec. Doc. 15-6, p.11, ¶ D).**

6

Plaintiff's benefit as Novastar would not have use for such a provision. As the intended beneficiary of this provision, Plaintiff has standing to pursue any claims relating to Defendant's breach in performing its duties to pay the temporary housing expenses. As a result, Plaintiff's standing is limited and Defendant is partially correct in asserting that Plaintiff lacks standing in regards to this contract. Accordingly:

Defendant's **Motion to Dismiss (Rec. Doc. 15)** is **GRANTED IN PART**. Plaintiff has limited standing in this matter. This limited standing allows her to bring claims relating to the Temporary Housing Expense provision in the lender-based policy.

Therefore, **IT IS ORDERED** that **all claims** against Defendant, **unrelated to the Temporary Housing Expense provision**, be and are hereby **DISMISSED**.

New Orleans, Louisiana, this 30th day of September, 2009.

_____
United States District Judge